United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-00188 |
| | § | |
| 0.546 ACRES OF LAND, MORE OR | § | |
| LESS SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND DAVID | § | |
| DOMINGO PORRAS, et al.; | § | |
| | § | |
| *Defendants.* | § | |

**<u>ORDER REGARDING OWNERSHIP OF SUBJECT PROPERTY</u>**

Now before the Court is the dispute as to who holds title to Tract RGV-RGC-6078 ("Subject Property"). After considering the United States of America's "Amicus Brief Regarding Ownership of Subject Property" (Dkt. No. 45) and the applicable law, the Court hereby makes a finding on Title on the Subject Property.

### I.      Factual and Procedural Background

1. The United States ("Plaintiff") acquired title to a fee simple estate of the property identified as the Subject Property on September 17, 2025. (Dkt. Nos. 2,9). *See* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."). On July 1, 2025, the United States and Defendants Juan Porras and David Porras entered into an Agreement granting the United States Possession. (Dkt. No. 34).

2. On July 17, 2025, the United States filed its Certificate of Commencement of

Service by Publication to provide service by publication to the Unknown Heirs/Devisees of Angelita Martinez, the Unknown Heirs/Devisees of Urbana Martinez, the Unknown Heirs/Devisees of Arturo Olivarez Martinez, the Unknown Heirs/Devisees of Lisandro Martinez and Nora Martinez. (Dkt. No. 40) On August 8, 2025, the United States filed its Certificate of Publication certifying the publication of the Notice of Condemnation once a week for three consecutive weeks in the Monitor. (Dkt. No. 42) All named party Defendants with a potential ownership interest in this action have been served.

3.   The following parties are the remaining parties with a potential interest in the Subject Property: (1) David Domingo Porras, (2) Juan Jose Juan, (3) Linda Martinez Roskin, (4) Raymond R Martinez, (5) Gilbert D. Martinez, (6) Joel Gabriel Martinez, (7) Unknown Heirs/Devisees of Angelita Martinez, (8) Reynaldo Roel Reyna, (9) Aminta A. Alaniz, (10) Anita Muñoz Reyna, (11) Raul Rolando Reyna Jr., (12) Unknown Heirs of Urbana Martinez, (13) Ruben Martinez, (14) Thelma C. Molina, (15) Isleda Alvarez, (16) Imelda Cruz, (17) Unknown Heirs/Devisees of Arturo Olivarez Martinez, (18) Patricia A Donelly a/k/a Patricia D. Martinez,  (19) Nora Martinez, (20) Peter Arturo Martinez, and (21) Unknown Heirs/Devisees of Lisandro Martinez. (hereinafter "the Heirs of Martina Olivarez Martinez")  (Dkt. No. 43, Amended Schedule G).

3.  On September 25, 2025, the United States filed an amicus brief regarding the ownership of the Subject Property.  (Dkt. No. 45).  A  Title hearing was held by this Court on March 19, 2026. (Minute Entry, March 19, 2026).

4.   On October 2, 2025, the Court held a title hearing. (Minute Entry, October 2, 2025)

5.   On December 2, 2025, the Court ordered the Defendants to file an Affidavit of Adverse Possession. (Dkt. No. 47)

6.  On January 9, 2026, the Defendants Juan Jose Porras and David Domingo Porras filed

their Affidavit of Adverse Possession. (Dkt. No. 50)

7.  Accordingly, after full consideration of the evidence presented, the Court hereby finds title ownership interest in the Subject Property in Juan Jose Porras (50%) and David Domingo Porras (50%) by virtue of adverse possession.

## II. Authority

Federal courts overseeing condemnation cases have the authority to determine who holds title amongst parties before a land's condemnation. *Florida Beaches v. Niagara Inv. Co.*, 148 F.2d 963, 964 (5th Cir. 1945); *United States v. 22,680 Acres of Land*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). Federal courts look to the substantive law of the state in which the subject property is located to resolve a title dispute. *See United States ex. Rel. T.V.A. v. Powelson*, 319 U.S. 266, 279 (1943). When there are multiple parties claiming ownership of the land, it is on the party to show their claim to the land. *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966).

## III.   Analysis

The Subject Property is a 0.546-acre tract parcel of land, more or less, being out of a called 5.86 acres of land, known as Share 10, Porcion 74, Ancient Jurisdiction of Camargo Mexico, now Starr County, Texas ("Parent Property").  (Dkt. No. 3, Schedule C).  Juan Jose Porras and David Domingo Porras acquired an interest in Parent Property by virtue of a Warranty Deed.  (Dkt. No. 45, Exh. 1).

The United States identified a title gap between the 1949 Partition Decree (Dkt. No. 45, Exh. 1) and the 1964 Warranty Deed (Dkt. No. 45, Exh. 2), which ultimately conveyed Martina Olivarez Martinez's interest in the Subject Property to Juan Jose Porras and David Domingo Porras. The United States is unable to confirm how the grantors in the 1964 Warranty Deed

obtained an interest in the Subject Property. (Dkt. No. 45).

Juan Jose Porras and David Domingo Porras are the only parties to come forward to present evidence in support of their ownership interest.  The United States reached out to the Heirs of Martina Olivarez Martinez and only 9 of 13 responded, who all advised they have no evidence to support their claim of ownership. (Dkt. No. 45).

### Adverse Possession

On January 9, 2026, as Ordered by the Court on December 2, 2025 (Dkt. No. 47), Juan Jose Porras and David Domingo Porras filed their Affidavit of Use and Adverse Possession and claim to have met the elements of adverse possession under all three statutes of limitations.  (Dkt. No. 50). Under local law, a claimant may establish their title to property by a claim of adverse possession. "An adverse possession claim requires proof of six elements: (1) actual possession of the disputed property, (2) that is open and notorious, (3) that is peaceable, (4) under a claim of right, (5) that is adverse or hostile to the claim of the owner, (6) consistently and continuously for the duration of the statutory period." A claimant may avail of the different statutory periods (such as five years and ten years) set forth in Texas law if the claimant meets the requirements under the law. *See* TEX. CIV. PRAC. & REM. CODE § 16.021-27.

### IV. Conclusion

The Court is satisfied that there is no genuine dispute of any material fact that Defendants Juan Jose Porras and David Domingo Porras can and have satisfied all elements of an adverse possession claim, under the relevant local law, over the subject property in this eminent domain case. For the foregoing reasons, the Court GRANTS Defendants Juan Jose Porras and David Domingo Porras's adverse possession claim.  The Court finds that Defendants Juan Jose Porras and David Domingo Porras are the rightful and sole owner of the Subject Property. The Court

therefore DISMISSES all Defendants named in this case except for Defendants Juan Jose Porras and David Domingo Porras and 0.546 acres of land, more or less, in Starr County, Texas.

The Court hereby **FINDS** that total ownership of the Subject Property identified as Tract RGV-RGC-6078 are as follows: Juan Jose Porras (50%) and David Domingo Porras (50%).

**SIGNED** this __31st__ of _____March_____, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**